**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

**CASE NO.:**

MAURA ZUNIGA,

      PLAINTIFF,

vs.

SEACO NATIONAL CORP.,
a Foreign Profit Corporation,

      DEFENDANT.

_____ /

**COMPLAINT AND AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, MAURA ZUNIGA ("Ms. Zuniga" or "Plaintiff"), by and through her undersigned counsel, and sues the Defendant, SEACO NATIONAL CORP. ("Defendant" or "SNC") and alleges the following:

1.     Plaintiff brings these claims for age discrimination against SNC for its disparate and unlawful treatment of Plaintiff based upon her age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 626 (b) & (c), and 29 U.S.C. § 623(a)(1).

**JURISDICTION AND VENUE**

2.     This Court has original jurisdiction over Plaintiff's ADEA claims pursuant to 28 U.S.C. § 1331 as they arise under federal law, and the actions giving rise to this lawsuit occurred in Palm Beach County, Florida.

3.     Plaintiff is, and at relevant times material was, a resident of Palm Beach County, Florida, and worked remotely for Defendant based out of Boca Raton, Palm Beach County, Florida.

4.     Venue is therefore proper in the West Palm Beach Division of the Southern District

of Florida.

## PARTIES

5.      Plaintiff, who is an adult female and sixty-four (64) years of age, is protected by the ADEA because:

    a.      She suffered discrimination by Defendant on the basis of her age; and

    b.      She suffered an adverse employment action and was subjected to an increasingly hostile work environment based on her age, including being discharged for same.

6.      Ms. Zuniga worked for SNC, most recently as one of its Outside Sales Representatives, from June 3, 2013, until her termination on June 12, 2023.

7.      Defendant was at all material times an "employer" as defined by the ADEA, as it employed in excess of twenty (20) employees.

8.      Plaintiff was at all material times an "employee" as defined by the ADEA.

9.      Defendant is a foreign profit corporation organized under the laws of the State of Georgia, and that is registered to do business in the State of Florida, including, among other places, Palm Beach County, Florida.

10.      Defendant maintains a location in Lakeland, Polk County, Florida, and routinely distributes pet supplies throughout Florida, including Palm Beach County, Florida.

## CONDITIONS PRECEDENT

11.      On or about April 5, 2024, Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") alleging age discrimination against Defendant.

2

12.     Plaintiff's claims were ripe under the ADEA sixty (60) days thereafter..

13.     Neither the ADEA nor the Florida Civil Rights Act ("FCRA") require that Plaintiff first receive a Notice of Right to Sue from the EEOC or FCHR once the above time limits have expired for the EEOC/FCHR to render a determination.

14.     On or about September 19, 2024, Plaintiff received a "Determination and Notice of Rights" from the EEOC.

15.     The aforementioned "Determination and Notice of Rights" stated, "[t]his is official notice from the EEOC of the dismissal of your charge and of your right to sue," and "[y]our right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days."

16.     Plaintiff timely files this lawsuit within the applicable period(s) of limitations against Defendant, and has complied with all administrative prerequisites.

17.     All conditions precedent to this action have been satisfied and/or waived.

## STATEMENT OF FACTS

18.     At all times material, Plaintiff was fifty-three (53) and, eventually, a sixty-three (63) year old woman who worked for Defendant.

19.     During her many years with SNC, Ms. Zuniga provided loyal and competent service to SNC and its customers.

20.     Unfortunately, during her years with SNC, Ms. Zuniga was confronted with the unhealthy and unlawful preference for younger employees harbored by SNC Vice President of Sales and Marketing Pete Cooper.

21.     During a group meeting in 2022, Mr. Cooper stated that he had "made a mistake hiring all these reps in the same age group because they will all be retiring soon."

22.     This constituted direct evidence of discriminatory animus based on age.

3

23. Mr. Cooper's discriminatory, age-related remark made Ms. Zuniga uncomfortable, as she was one of the Sales Representatives in the "age group" to which Mr. Cooper had referred.

24. In December of 2022, Mr. Cooper told Ms. Zuniga that, despite her stellar sales figures, he considered Ms. Zuniga the lowest-rated of all of SNC's sales representatives.

25. Asked by Ms. Zuniga to provide any specifics in support of this contention, the discriminatory Mr. Cooper was unable to do so.

26. In December of 2022, Ms. Zuniga contacted the EEOC because two (2) female representatives left and they were replaced by men, and also because Mr. Cooper was harassing her.

27. Since this happened during the end of the COVID-19 panic, Ms. Zuniga was unable to secure a meeting with the EEOC and ended up not pursuing the matter to a conclusion.

28. Then, on June 12, 2023, SEP terminated Ms. Zuniga's employment, effective immediately, as well as the employment of another employee who was sixty (60) years of age.

29. Plaintiff was terminated for no reason other than her comparatively advanced age.

30. Defendant's reason for Plaintiff's termination was a pretext designed to rid the workplace of an older worker in exchange for younger, less-qualified employees.

31. Defendant did not have a legitimate, non-discriminatory, non-retaliatory reason for mistreating and terminating Plaintiff.

32. But for Plaintiff's age, Defendant would not have treated Plaintiff as it did, or terminated her.

33. As a result of Defendant's unlawful and retaliatory termination of Plaintiff, Plaintiff has suffered, and continues to suffer, severe emotional distress, including but not limited

4

to sleeplessness, crippling anxiety, loss of consortium, and family discord.

34. The persons who discriminated against Plaintiff most severely based on age were decision-makers in terms of terminating Plaintiff.

35. As a result of Defendant's discrimination based on age, Plaintiff has suffered damages, including, but not limited to, lost wages and benefits, compensatory damages, and emotional distress damages.

36. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

### COUNT I- AGE DISCRIMINATION UNDER THE ADEA

37. Plaintiff realleges and reincorporates the allegations contained in paragraphs 1-36 of the Complaint, above, as though fully set forth in this Count.

38. Plaintiff was over forty (40) years old when she was terminated.

39. Plaintiff was not terminated for cause.

40. Plaintiff was terminated only because of her age, and would not have been terminated but for her age.

41. Defendant did not have a legitimate, non-discriminatory reason for mistreating Plaintiff as it did, for favoring young employees with purportedly more longevity, or for terminating Plaintiff.

42. Plaintiff was replaced by an individual who was substantially younger than Plaintiff.

43. Plaintiff's job duties were taken over by an employee significantly younger than Plaintiff, who was less experienced and less qualified than Plaintiff.

44. Plaintiff was mistreated and terminated only because of her age, and would not have been mistreated or terminated but for her age.

45.     Defendant's termination of Plaintiff was willful and intentional, and evidences a reckless disregard for Plaintiff's rights against age discrimination.

46.     Defendant had no good faith basis for mistreating and terminating Plaintiff based on her age, and Plaintiff is entitled to liquidated damages based on these actions.

47.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

48.     Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on her age, was in compliance with the ADEA.

### REQUEST FOR RELIEF- COUNT I

WHEREFORE, Plaintiff prays that this Court will:

49.     Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA;

50.     Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of front pay;

51.     Grant Plaintiff a judgment against Defendant for all lost wages and compensatory damages, including liquidated damages;

52.     Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA.

53.     Provide any additional relief that this Court deems just and proper.

### COUNT II- RETALIATION UNDER THE ADEA

54.     Plaintiff realleges and reincorporates the allegations contained in paragraphs 1-36 of the Complaint, above, as though fully set forth in this Count.

55. The acts of Defendant by and through its agents and employees violated Plaintiff's rights against being retaliated against for opposing age discrimination under the ADEA.

56. The retaliation to which Plaintiff was subjected was based on her expressed opposition to Defendant's illegal age discrimination, and was willful.

57. The conduct of Defendant, its agents, and its employees proximately, directly, and foreseeably injured Plaintiff, including but not limited to lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of consortium, loss of enjoyment of life, and other non-pecuniary losses.

58. Plaintiff is entitled to recover liquidated damages and reasonable attorneys' fees and costs and litigation expenses pursuant to the ADEA.

59. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF- COUNT II

WHEREFORE, Plaintiff prays that this Court will:

60. Issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA;

61. Require that Defendant make Plaintiff whole for her losses suffered as a result of the retaliation through an award of front pay;

62. Grant Plaintiff a judgment against Defendant for all lost wages and compensatory damages, including liquidated damages;

63. Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA.

64. Provide any additional relief that this Court deems just and proper.

**COUNT III – AGE DISCRIMINATION UNDER THE FCRA**

65.     Plaintiff realleges and reincorporates the allegations contained in paragraphs 1-36 of the Complaint, above, as if fully set forth in this Count.

66.     Plaintiff was over forty (40) years old when she was terminated.

67.     Plaintiff was not terminated for cause.

68.     Plaintiff was discriminated against based on her age.

69.     Defendant did not have a legitimate, non-discriminatory reason for mistreating Plaintiff as it did, for obsessing over younger employees, or for terminating Plaintiff's employment.

70.     Plaintiff was replaced by an individual who was substantially younger than Plaintiff.

71.     Plaintiff's job duties were taken over by an employee who was significantly younger than Plaintiff, who was less experienced and less qualified than Plaintiff.

72.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

73.     The discrimination to which Plaintiff was subjected was based on her age.

74.     Plaintiff was mistreated and fired only because of her age, and would not have been mistreated or fired but for her age.

75.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

76.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter Defendant, and others, from such conduct in the future.

77. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), Fla. Stat.

78. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

### REQUEST FOR RELIEF AS TO COUNT III

WHEREFORE, Plaintiff prays that this Court will:

79. Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

80. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

81. Grant Plaintiff a judgment against Defendant for damages, including, but not limited to, wage loss, compensatory, and punitive damages;

82. Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), Fla. Stat.; and

83. Provide any additional relief that this Court deems just and proper.

### COUNT IV- RETALIATION UNDER THE FCRA

84. Plaintiff realleges and reincorporates the allegations contained in paragraphs 1-36 of the Complaint, above, as if fully set forth in this Count.

85. The acts of Defendant by and through its agents and employees violated Plaintiff's rights against being retaliated against for opposing age discrimination under the FCRA.

86. The retaliation to which Plaintiff was subjected was based on her expressed opposition to Defendant's illegal age discrimination, and was willful.

87.     The conduct of Defendant, its agents, and its employees proximately, directly, and foreseeably injured Plaintiff, including but not limited to lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of consortium, loss of enjoyment of life, and other non-pecuniary losses.

88.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), Fla. Stat.

89.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

### REQUEST FOR RELIEF- COUNT IV

WHEREFORE, Plaintiff prays that this Court will:

90.     Issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

91.     Require that Defendant make Plaintiff whole for her losses suffered as a result of the retaliation through reinstatement, or, if that is not practical, through an award of front pay;

92.     Grant Plaintiff a judgment against Defendant for damages, including wage loss, compensatory, and punitive damages;

93.     Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to the FCRA.

94.     Provide any additional relief that this Court deems just and proper.

***(Remainder of page left intentionally blank)***

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated this 26th day of November, 2024.

Respectfully submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
7951 SW 6th Street, Suite 316
Plantation, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail:  noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*

11